United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-11067
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENISE MICHELLE CONTRERAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CR-47-5
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Denise Michelle Contreras appeals the 188-month sentence imposed following her guilty plea to conspiracy to possess with intent to distribute methamphetamine and aiding and abetting. 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A); 18 U.S.C. § 2.

Contreras argues the district court erred by enhancing her offense level pursuant to U.S.S.G. § 3B1.1(b) based on a finding that she was a manager or supervisor of criminal activity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involving five or more participants.  Reliable information contained in the PSR and introduced at sentencing showed that Contreras supplied cellular telephones to other members of the operation, she equipped others with materials necessary to the furtherance of the drug operation, she directed others to complete financial transactions for the drug operation, she set prices and controlled the delivery of the methamphetamine, and she paid her brother a flat fee for drug deliveries that he made while she herself was paid in pounds of methamphetamine.

The district court did not clearly err in finding that Contreras had a supervisory or managerial role in the drug operation.  See U.S.S.G. § 3B1.1, comment. (n.4); United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998); United States v. Manthei, 913 F.2d 1130, 1135 (5th Cir. 1990).  Nor did the district court err in applying the preponderance-of-the-evidence standard to a disputed sentencing issue.  See United States v. Carreon, 11 F.3d 1225, 1240 (5th Cir. 1994).

AFFIRMED.